**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| COHERENT ECONOMICS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| VERITION PARTNERS MASTER FUND, ) | |
| LTD. and VERITION MULTI-STRATEGY ) | JURY DEMANDED |
| MASTER FUND, LTD., ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Coherent Economics, LLC, by its attorneys, Schoenberg, Finkel, Newman & Rosenberg, LLC, pursuant to 28 U.S.C § 2201, as its Complaint for Declaratory Judgment against Defendants Verition Partners Master Fund, Ltd. and Verition Multi-Strategy Master Fund, Ltd., alleges and states as follows:

**Parties**

1. Plaintiff Coherent Economics, LLC ("Coherent") is a limited liability company with its principal place of business in Chicago, Illinois. The sole member of Coherent is Alan S. Frankel, a citizen of Illinois.

2. Defendant Verition Partners Master Fund, Ltd. is a company organized under the laws of the Cayman Islands with its principal place of business in George Town, Cayman Islands.

3. Defendant Verition Multi-Strategy Master Fund, Ltd. is a company organized under the laws of the Cayman Islands with its principal place of business in George Town, Cayman Islands. Verition Partners Master Fund, Ltd. and Verition Multi-Strategy Master Fund, Ltd. are collectively referred to herein as "Verition."

1

### Jurisdiction and Venue

4. This Court has jurisdiction under 28 U.S.C § 1332, as this action involves a citizen of Illinois and citizens or subjects of a foreign state and the matter in controversy exceeds the sum of $75,000.

5. Venue is proper in this District pursuant to 28 U.S.C § 1391(a), as a substantial part of the events or omissions giving rise to the action occurred in this District.

### Background of the Retention

6. In 2015, Verition owned shares of AOL, Inc. ("AOL").

7. Pursuant to a merger agreement, on or about May 11, 2015, AOL merged with Verizon Communications, Inc. ("Verizon").

8. After the merger, pursuant to 8 Del. Code § 262, Verition filed an appraisal action in the Delaware Court of Chancery entitled *In re Appraisal of AOL, Inc.*, No. 11204-VCG (the "Appraisal Action").

9. Verition retained the law firm of Grant & Eisenhofer P.A. ("Verition's Attorneys") as their agent and attorneys to represent Verition in the Appraisal Action.

10. On or about February 10, 2016, both Coherent and Professor Bradford Cornell ("Cornell") were retained by Verition's Attorneys to provide economic consulting services as independent contractors on behalf of Verition pursuant to the terms of a retention agreement (the "Retention Agreement"). A true and correct copy of the Retention is attached hereto as **Exhibit A**.

11. Coherent duly performed all conditions and obligations on its part under the Retention Agreement. A substantial portion of Coherent's work under the Retention Agreement was performed in or around Chicago, Illinois.

12. In accordance with the Retention Agreement, Coherent billed Verition's Attorneys each month for services rendered and expenses incurred.

13. In breach of the Retention Agreement, Verition's Attorneys did not pay invoices totaling $1,354,608.36 within 30 days of the invoices.

14. Coherent billed Verition's Attorneys a total of $2,415,642.42 for fees and expenses in connection with providing economic consulting services to Verition and Verition's attorneys in the Appraisal Action.

## The Settlement of All Claims

15. On or about January 4, 2017, Verition and Verition's Attorneys disclosed Cornell as an expert witness in the Appraisal Action.

16. As of January 24, 2017, several months before the trial of the Appraisal Action, Verition and Verition's Attorneys had knowledge that Cornell had been in contact with Verizon and had sought to be retained by Verizon prior to being retained by Verition's Attorneys.

17. Despite having knowledge of Cornell's prior contacts and communications with Verizon several months before the trial of the Appraisal Action, Verition and Verition's Attorneys chose to continue to work with Cornell and chose to call Cornell to testify as an expert witness at trial.

18. Prior to learning of Cornell's contacts with Verizon from Verition's Attorneys, Coherent had no knowledge of Cornell's contacts with Verizon. Further, the retention of Cornell and Coherent were two separate decisions: prior to Coherent's retention in the Appraisal Action, Verition and Verition's Attorneys had already decided to engage Cornell as an expert in the Appraisal Action and asked Cornell to consider using an economic consulting firm other than Coherent.

19. After the trial in the Appraisal Action, Verition and Verition's Attorneys refused to pay any of the outstanding invoices of Coherent, asserting that Cornell's prior contacts with Verizon had not been disclosed and had prejudiced Verition in the Appraisal Action.

20. Coherent and Verition's Attorneys negotiated a substantial discount of $604,608.36 from the amounts due and owing to Coherent as a result of Verition's claims that Cornell had prejudiced Verition in the Appraisal Action. On April 27, 2017, Coherent sent a letter to Verition's Attorney stating, in part: "Nevertheless, when we spoke I offered a substantial discount on our outstanding invoices as a gesture of goodwill and settlement of all issues outstanding between our firms relating to our work, invoicing, or payments on the AOL engagement, conditional on prompt payment of the remaining amounts on all outstanding invoices." A true and correct copy of the April 27, 2017 letter is attached hereto as **Exhibit B**.

21. On May 1, 2017, Coherent submitted a "final invoice" on the AOL Appraisal Action with a discount of $604,608.36 from the total amount due of $1,354,608.36, leaving a balance of $750,000.00. The invoice specifically states:

> This is the final invoice in the AOL Appraisal Matter. Full payment of the Final Amount Due indicated above will resolve and settle all outstanding Coherent invoices and issues between Coherent Economics and Grant & Eisenhofer with respect to the AOL Appraisal matter.

A true and correct copy of the invoice is attached hereto as **Exhibit C**.

22. Coherent did receive payment of the "Final Amount Due" on May 2, 2017. Upon information and belief, Verition, along with other petitioners in the Appraisal Action, paid Verition's Attorneys the "Final Amount Due," which was remitted to Coherent.

### Verition's Current Claim

23. Despite the fact that Verition's Attorneys and its agents agreed to settle all claims related to Coherent's services in the Appraisal Action, on December 11, 2018, Verition, through

4

its new attorneys, delivered a letter (the "Demand Letter") to Coherent, demanding $25.2 million and additional interest of $5.5 million as a result of Coherent's alleged violation of the Retention Agreement and the services it performed in the Appraisal Action. A true and accurate copy of the Demand Letter is attached as **Exhibit D**.

24. Despite the fact that Verition's Attorneys, as Verition's agents, had negotiated and agreed to settle all issues, including the alleged conflict arising from, and nondisclosure of, Cornell's prior contacts with Verizon, Verition claimed that Verition's Attorneys had to make strategic decisions in the Appraisal Action to limit the effect of the alleged conflict of Cornell. Verition claimed that, as a result, it lost the fair market value between Cornell's opinion as to the value of the AOL shares and the value determined by the Court in the Appraisal Action.

25. Verition had full knowledge that Verition's Attorneys were settling and releasing all claims and issues arising out of the Retention Agreement between Coherent and Verition's Attorneys. Verition cannot now raise a claim under that same Retention Agreement.

26. Disputes have arisen between the parties which can only be resolved through a declaration by this Court.

WHEREFORE, Plaintiff Coherent Economics, LLC respectfully requests that this Court enter a judgment declaring that any claims by Defendants Verition Partners Master Fund, Ltd. and Verition Multi-Strategy Master Fund, Ltd. against Coherent are barred and awarding Coherent such other and further relief as this Court deems just, including its attorneys' fees and costs.

                                          COHERENT ECONOMICS, LLC

                                          /s/ Norman T. Finkel
                                          By: One of Its Attorneys

Norman T. Finkel
William R. Klein
Richard M. Goldwasser
SCHOENBERG FINKEL NEWMAN & ROSENBERG, LLC
222 S. Riverside Plaza, Suite 2100
Chicago, IL 60606
(312) 648-2300 – telephone
(312) 648-1212 – facsimile
norm.finkel@sfnr.com
william.klein@sfnr.com
richard.goldwasser@sfnr.com