IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **COHERENT ECONOMICS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 18-cv-8376 |
| | ) | |
| **VERITION PARTNERS MASTER FUND,** | ) | Honorable John Robert Blakey |
| **LTD. and VERITION MULTI-STRATEGY** | ) | |
| **MASTER FUND, LTD.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW
REGARDING DIVERSITY JURISDICTION**

Plaintiff Coherent Economics, LLC, by its attorneys, Schoenberg, Finkel, Newman & Rosenberg, LLC, pursuant to the Court's order of January 28, 2019, submits the following Memorandum of Law demonstrating the existence of diversity jurisdiction and states as follows:

**I.      Introduction**

On January 28, 2019, the Court entered a minute order requesting that Plaintiff file a supplemental brief addressing whether diversity jurisdiction exists in this action. (Dkt. 10.) Specifically, the Court requested that Plaintiff identify (i) the domicile of all parties, (ii) the members of each Defendant, and (iii) the state(s) of citizenship for each such member. (*Id.*) As alleged in the Complaint, Plaintiff is a limited liability company whose sole member is a citizen of Illinois. Defendant Verition Partners Master Fund, Ltd. and Defendant Verition Multi-Strategy Master Fund, Ltd. are both incorporated as "exempt" companies under the laws of the Cayman

Islands. Each Defendant has a principal place of business in the Cayman Islands and Greenwich, Connecticut.[1]

## II. Applicable Law

In relevant part, 28 U.S.C. § 1332(a)(2) provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state . . ." A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . ." 28 U.S.C. § 1332(c)(1).

## III. Plaintiff is a Citizen of the State of Illinois.

Plaintiff Coherent Economics, LLC is a limited liability company organized under the laws of Illinois. As alleged in the Complaint, Plaintiff's sole member was Alan S. Frankel. (Dkt. 1 at ¶ 1). At all times relevant, Alan S. Frankel has been a resident and domiciliary of Illinois, and, therefore, a citizen of Illinois. Accordingly, Plaintiff is a citizen of Illinois for the purposes of diversity jurisdiction.[2]

---

[1] On January 28, 2019, Defendants filed a Complaint in the Superior Court of the State of Delaware against Plaintiff and others, styled as *Verition Partners Master Fund, Ltd. v. W. Bradford Cornell, et. al.*, Case No. N19C-01-302 AML CCLD. In the Delaware Complaint, Defendants allege that they maintain their principal place of business in Greenwich, Connecticut. (Delaware Complaint at ¶¶ 6-7).

[2] Plaintiff commenced this action on December 21, 2018. (Dkt. 1). Subsequently, the number and identity of Plaintiff's members changed pursuant to an Amendment and Restatement of Plaintiff's Operating Agreement executed on December 24, 2018. As a result of the Amendment and Restatement, Plaintiff's members as of December 24, 2018 were as follows: (i) Alan S. Frankel, as Trustee of the Alan S. Frankel Living Trust u/a/d April 20, 2004; (ii) Zachary Frankel; (iii) Charles G. Hunter, as Trustee of the Charles Gilpin Hunter Living Trust dated March 14, 2012, as amended; and (iv) Laurel C. Van Allen. The change in Plaintiff's membership, which occurred after the action was commenced, has no bearing or impact on diversity jurisdiction. *REP MCR Realty, L.L.C. v. Lynch*, 200 Fed. Appx. 592, 593 (7th Cir. 2006). Regardless, all of Plaintiff's current members are domiciled in Illinois, and therefore, citizens of Illinois.

**IV.     Defendants are Citizens of the State of Connecticut and the Cayman Islands.**

The Court's January 26, 2018 order directs Plaintiff to identify all of the members of the Defendants and each such member's state(s) of citizenship, citing *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692-93 (7th Cir. 2003) (explaining that, for purposes of diversity jurisdiction, limited liability companies are citizens of every state of which any member is a citizen). *Belleville*, however, is inapplicable because neither Defendant is a limited liability company. Rather, the Defendants are incorporated as "exempt" companies under the Cayman Islands Companies Law.

Under Cayman Islands law, a company may be incorporated under the Cayman Islands Companies Law[3] or formed as an LLC under the Limited Liability Companies Law.[4] According to public records from the Cayman Islands General Registry maintained by the Government of the Cayman Islands, neither Defendant was formed or registered as a limited liability company. To the contrary, Cayman Islands public records reflect that Verition Multi-Strategy Master Fund Ltd. was registered as an "exempt" company under the Cayman Islands Companies Law on May 16, 2008. **(Exhibit A)**. Likewise, Verition Partners Master Fund Ltd. was registered as an "exempt" company under the Cayman Islands Companies Law on November 27, 2013. **(Exhibit B).** Under the law of the Cayman Islands, an "exempt" company and a limited liability company are different legal entities. **(Exhibit C)**. Limited liability companies were not recognized under the law of the Cayman Islands until the enactment of the Limited Liability Companies Law on May 6, 2016.[5]

Because the Defendants are incorporated under the Cayman Islands Companies Law, and are not limited liability companies, their citizenship for purposes of diversity jurisdiction is

---

[3] See § 5, Companies Law (2018) available at https://www.ciregistry.ky/Documents/1133/

[4] See § 5, Limited Liabilities Companies Law (2018) available at https://www.ciregistry.ky/Documents/1143/

[5] See *Id.* at p. 2.

determined based on their principal places of business and states of incorporation. See *Bautista Cayman Asset Co. v. The Ferrer Group, Inc.*, CV 15-2277 (GAG), 2016 WL 1642630, at *2–3 (D.P.R. Apr. 25, 2016); see *Eugenia VI Venture Holdings, Ltd. v. Surinder Chabra*, 419 F. Supp. 2d 502, 505–06 (S.D.N.Y. 2005) (holding that limited company incorporated under the laws of the Cayman Islands was a citizen of the Cayman Islands); see also *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1242 (7th Cir. 1990).

In *Bautista,* the plaintiff was an "exempt" company incorporated under the Cayman Islands Companies Law. 2016 WL 1642630, at *2-3. The defendants moved to dismiss based on lack of subject-matter jurisdiction, arguing that the plaintiff was a limited liability company and was required to identify the citizenship of its members. *Id.* The Court rejected the defendant's argument that the plaintiff was a limited liability company, reasoning that "[b]ecause [p]laintiff is characterized as an 'exempt company,' which is defined as an entity registered pursuant to the provisions of the Companies Law of the Cayman Islands (2013 revision), the Court deems [p]laintiff a corporation and assesses its claim for diversity jurisdiction accordingly." *Id.* at 3; *see also Adams Physical Therapy Servs. v. Systems4PT, LLC*, No. 13-CV-104, 2013 U.S. Dist. LEXIS 49334 (N.D. Ind. Apr. 5, 2013) (characterizing a Cayman Islands exempt company as a corporation for diversity jurisdiction purposes); see also *Wilson*, 916 F.2d at 1242.

Similarly, here, both Defendants are registered and incorporated as exempt companies under the Cayman Islands Companies Law, and, therefore, the Defendants' citizenship should be determined in the same manner as a corporation for purposes of diversity jurisdiction. *Bautista*, 2016 WL 1642630, at *2-3*; Adams Physical Therapy Servs.*, 2013 U.S. Dist. LEXIS 49334. Accordingly, Defendants are citizens of the Cayman Islands and the State of Connecticut. 28 U.S.C. § 1332(c)(1).

**V.     Conclusion**

Plaintiff is a citizen of Illinois and the Defendants are citizens of Connecticut and the Cayman Islands for purposes of diversity jurisdiction. Because there is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

Respectfully submitted,

**COHERENT ECOMOMICS, LLC**

/s/ *Norman T. Finkel*

By:  One of Its Attorneys

Norman T. Finkel
William R. Klein
Richard M. Goldwasser
Matthew P. Tyrrell
SCHOENBERG FINKEL NEWMAN & ROSENBERG, LLC
222 S. Riverside Plaza, Suite 2100
Chicago, IL 60606
(312) 648-2300 – telephone
(312) 648-1212 – facsimile
norm.finkel@sfnr.com
bill.klein@sfnr.com
richard.goldwasser@sfnr.com
matthew.tyrrell@sfnr.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2019, I caused the foregoing **PLAINTIFF'S MEMORANDUM OF LAW REGARDING DIVERSITY JURISDICTION** to be served on counsel of record below by filing the same with the Court's CM/ECF system:

Erik S. Groothuis
Vera M. Kachnowski
Schlam Stone & Dolan, LLP
26 Broadway
New York, NY 10004
(212) 344-5400
egroothuis@schlamstone.com
vkachnowski@schlamstone.com


Dylan D. Smith
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
(312) 360-6394
dsmith@freeborn.com


By: */s/ Matthew P. Tyrrell*